United States District Court
Southern District of Texas
**ENTERED**
August 06, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALDO GUILLERMO HUERTA TAPIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-4799 |
| | § | |
| RAYMOND THOMPSON, et al., | § | |
| | § | |
| Respondents. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Aldo Guillermo Huerta Tapia ("Petitioner"), a citizen of Mexico, entered the United States without inspection around 1993.[1]  On May 28, 2026, Petitioner was served with an arrest warrant and taken into Immigration and Customs Enforcement custody.[2]  That same day Petitioner was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled."[3] Petitioner remains in immigration custody.[4]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act and

---

[1]Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 3 ¶¶ 12–13; Motion for Summary Judgment and Response to Habeas Petition ("Respondents' MSJ"), Docket Entry No. 8, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 8, p. 2.

[3]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 8-1, p. 1.

[4]Respondents' MSJ, Docket Entry No. 8, p. 2.

due process.[5]  Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 8).  Respondents argue that Petitioner's detention under § 1225(b)(2) does not violate due process because he is an applicant for admission.[6]  Petitioner has filed a response.[7]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).   This mandatory detention does not violate substantive or procedural due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)).  Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED,** and Petitioner's Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED.**

---

[5]Habeas Petition, Docket Entry No. 1, pp. 5–13 ¶¶ 23–72.

[6]Respondents' MSJ, Docket Entry No. 8, pp. 1–2.

[7]Petitioner's Response in Opposition to Respondents' Motion for Summary Judgment, Docket Entry No. 9.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 6th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE